**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10174 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00905-DCB-JJM-5 |
| v. | |
| ABELARDO GRAJEDA-ENCINAS, AKA Abelardo Grajeda, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted March 14, 2012
Berkeley, California

Before: NOONAN, McKEOWN, and M. SMITH, Circuit Judges.

Abelardo Grajeca-Encinas appeals his jury conviction and sentence for

conspiracy to possess with intent to distribute 100 kilograms of cocaine and

possession with intent to distribute one kilogram of cocaine.  Because the parties

are familiar with the factual and procedural history of this case, we repeat only

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

those facts necessary to resolve the issues raised on appeal.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

Grajeda-Encinas raises a claim of sentencing entrapment, citing U.S.S.G. § 2D1.1 Application Note 12 ("Note 12").  Grajeda-Encinas failed to cite to or object under Note 12 at sentencing, although he did file a "Motion to Reconsider Sentence" and argued that Note 12 supported a much lower criminal history given the amount of "fake cocaine" seized during the government sting operation.  That motion was denied without explanation.  Because Grajeda-Encinas did not raise his claim before the district court at the time of or prior to sentencing, it is forfeited, and we review for plain error.  Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993) (plain error standard permits an appellate court to reverse if there was (a) an error, (b) that was plain, and (c) that affected substantial rights).

"Sentencing entrapment or 'sentence factor manipulation' occurs when 'a defendant, although predisposed to commit a minor or lesser offense, is entrapped in[to] committing a greater offense subject to greater punishment." *United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir. 1994).  When sentencing entrapment occurs, "the amount of drugs used in calculating the defendant's sentence should be reduced by the amount that 'flows from the entrapment.'" *United States v. Briggs*, 623 F.3d 724, 729 (9th Cir. 2010).  Under Note 12, if a defendant makes a

proper showing that he "was not reasonably capable of providing . . . the agreed-upon quantity," the court must exclude the quantity that he establishes he was not reasonably capable of providing. U.S.S.G. § 2D1.1 App. n.12. Finally, under our circuit precedent, "Application Notes 12 and 17 [now incorporated into Note 12] clearly require the district court to determine whether sentencing entrapment has occurred. Under Note 12, the district court 'shall exclude' from the calculation the amount of drugs which flow from sentencing entrapment." *United States v. Naranjo*, 52 F.3d 245, 250 (9th Cir. 1995).

At sentencing, the district court rejected a similar argument made by a co-defendant relating to sentencing entrapment because the court concluded that any relief would require the court to invalidate the jury's verdict. That conclusion was erroneous, at odds with our precedent, and affected Grajeda-Encinas's substantial rights. The ultimate determination of sentencing entrapment is within the province of the sentencing judge, and the mere fact of conviction does not trump this obligation. Under *Naranjo*, Grajeda-Encinas's inability to produce 100 kilograms of cocaine—instead producing two kilograms of cocaine and fifty-nine kilograms of building plaster—raises a significant issue. We vacate Grajeda-Encinas's sentence and remand for resentencing. We take no position on whether relief should be granted, and, on remand, Grajeda-Encinas has the burden of proving

3

sentencing entrapment by a preponderance of the evidence. *Naranjo*, 52 F.3d at 250.

Grajeda-Encinas also contends that the district court violated his rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, by granting two motions to continue. Although Grajeda-Encinas objected to both continuances, he did not move to dismiss the indictment on that ground prior to trial, and his claim is thus waived. 18 U.S.C. § 3162(a)(2); *United States v. Rodriguez-Preciado*, 399 F.3d 1118, 1132 (9th Cir. 2005) (holding that defendant waived his Speedy Trial Act claim by failing to move for dismissal before trial), *amended on other grounds*, 416 F.3d 939 (9th Cir. 2005).

Sufficient evidence supported Grajeda-Encinas's conviction for conspiracy to possess with intent to distribute 100 kilograms of cocaine. To establish a drug conspiracy in violation of 21 U.S.C. § 846, the government must establish "(1) an agreement to accomplish an illegal objective, and (2) the intent to commit the underlying offense." *United States v. Herrera-Gonzalez*, 263 F.3d 1092, 1095 (9th Cir. 2001). Once a conspiracy is established, only a slight connection to the conspiracy is necessary to support a conviction. *Id.* Though Grajeda-Encinas now argues that he was merely the driver for a co-defendant in exchange for being able to use his car, the jury was entitled to reject Grajeda-Encinas's version of the

4

events.  *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) ("when faced with a record of historical facts that supports conflicting inferences a reviewing court must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution" (internal quotation marks and citation omitted)).  Viewed in the light most favorable to the prosecution, the evidence was sufficient to establish Grajeda-Encina's involvement in the conspiracy.

There was also sufficient evidence to support Grajeda-Encina's conviction for possession with intent to distribute one kilogram of cocaine.  "Possession may be either actual or constructive, with the latter concept encompassing a defendant's power to exercise dominion and control over the narcotics as well as his or her participation in a 'joint venture' to possess a controlled substance." *United States v. Delgado*, 357 F.3d 1061, 1065 (9th Cir. 2004) (citation omitted).  A defendant also may be guilty of possession if he aids and abets another.  *Id.*  Grajeda-Encinas indicated that he was "the boss" and that his relatives were the suppliers of the cocaine.  On at least one occasion, he was observed giving an authoritative nod to a co-conspirator regarding the amount of cocaine in their possession.  The jury was

entitled to conclude that he exercised dominion or control over the cocaine or that he participated in a "joint venture" to possess the drugs.

Grajeda-Encinas also challenges the district court's failure to apply a minor role reduction pursuant to U.S.S.G. § 3B1.2(b). Whether a defendant is a minor or minimal participant is reviewed for clear error. *United States v. Cantrell*, 433 F.3d 1269, 1282 (9th Cir. 2006). The defendant bears the burden of proving that he is entitled to a downward adjustment. *Id.* Because Grajeda-Encinas claimed to be "the boss" before any dealings began, was observed nodding to a co-conspirator as if he were the boss, dropped off and picked up participants during the one kilogram deal, and was present at the final deal which precipitated the defendants' arrest, the district court did not clearly err in denying a minor participant reduction.

Finally, because we remand for resentencing on the issue of sentencing entrapment, we need not address whether the district court erred by failing to sua sponte consider Grajeda-Encinas's eligibility for safety valve relief. Though we express no opinion on whether Grajeda-Encinas is entitled to such relief, we note that "[a conviction] by a jury . . . does not necessarily foreclose relief pursuant to § 3553(f), even if the defendant continues through and beyond sentencing to maintain his innocence as to one or more of the elements of the underlying offense." *United States v. Sherpa*, 110 F.3d 656, 660 (9th Cir. 1996). On remand,

6

the district court may consider Grajeda-Encina's eligibility for relief under the safety valve provision.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.**